IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS A. MONTANEZ, <br> No. B46636, <br>       Plaintiff, <br>   vs. <br> JOHN TRUST, et al., <br>       Defendants. | ) ) ) ) ) ) ) ) ) ) )    Case No. 15-cv-01397-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On December 22, 2015, Plaintiff Carlos A, Montanez, an inmate in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center, filed a motion for preliminary injunction and temporary restraining order pursuant to Federal Rule of Civil Procedure 65 (Doc. 1).

Plaintiff primarily seeks medical treatment, including surgery and more effective pain relief, to treat injuries he received on October 7, 2015—a broken skull and related injuries to his vision, breathing and hearing. In addition, Plaintiff seeks copies of his medical records, a transfer to a different prison for safety reasons, access to the media, and access to the law library. Plaintiff has written multiple letters and grievances to prison officials. Plaintiff contends prison officials have been non-responsive. However, documents attached to the complaint include a December 3, 2015, response from Warden Butler indicating Plaintiff's medical treatment was ongoing, including the

scheduling of an appointment with an outside specialist; and Plaintiff was encouraged to formally seek protective custody (*see* Doc. 1-1, p. 40).

The Court takes these allegations very seriously, but cannot proceed until jurisdiction is secured. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Although *pro se* litigants are not held to the same standards applied to licensed attorneys (*Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999)), they are not entitled to general dispensation from the rules of procedure (*Jones v. Phipps*, 39 F.3d 158 163 (7th Cir. 1994)).

Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Consequently, Plaintiff's motion must be denied. Although Plaintiff makes clear that he is in the process of drafting a complaint, based on only the motion for injunctive relief the Court cannot be certain of Plaintiff's claims against each defendant (virtually all of whom are not mentioned in the motion) and whether the only relief he seeks is an injunction.

The Court will remain open to another motion for injunctive relief, once a complaint is filed.

Plaintiff's medical condition and the nature of his claims beg the question: Is Plaintiff capable of drafting a complaint pro se? Plaintiff has moved for the recruitment of counsel (Doc. 3). Plaintiff cites his extensive medical injuries—which have left him

hospitalized—as well as inadequate access to medical records, the prison law library and other assistance. He states that it took him three weeks to prepare his motion for injunctive relief (which is 74 pages long).

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). As the Supreme Court has noted, as members of the legal profession and as officers of the court, lawyers have an ethical obligation to indigent litigants seeking justice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In accordance with *Pruitt* and Local Rule 83.1, members of the district court bar have a duty to accept *pro bono* assignments.

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as

the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

A review of Plaintiff's prison trust fund account statement reveals that he is financially unable to retain counsel. However, Plaintiff has not attempted to secure representation. On that basis alone his motion fails. Plaintiff's injuries and hospitalization give the Court pause, but the fact that Plaintiff managed to file a 74-page motion that is very well written (complete with citations to authority and supporting documents) reflects that he certainly could have attempted to secure counsel.

Federal Rule of Civil Procedure 8(a) only requires a short and plain statement of the claims and relief sought, which Plaintiff appears more than capable of drafting without the assistance of counsel. Plaintiff's motion for counsel will be denied, but the Court will remain open to recruiting counsel in the future.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 1) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **February 5, 2016**, Plaintiff shall file a complaint, thereby properly initiating an action. He is reminded of the liberal notice pleading standard—he need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must only cross "the line between possibility and plausibility." *Id.* at 557.

Plaintiff is **ADVISED** to be cautious in joining defendants and claims. Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED.R.CIV.P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B). In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA"). *Id.* at 607, (citing 28 U.S.C. § 1915(b), (g)). Otherwise, prisoners easily could sidestep the requirements of the PLRA, in particular the provisions regarding filing fees. *See id.* If the Court must sever defendants and claims into separate actions, Plaintiff will automatically be assessed the requisite filing fee for each severed case.

Plaintiff is **ADVISED** that if he still seeks injunctive relief, he must file a new motion, along with the complaint. Failure to file a proper complaint by the prescribed deadline may result in the dismissal of this action for lack of subject matter jurisdiction; such a dismissal shall count as one of his allotted "strikes" under the provisions of 28

U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations.

**IT IS SO ORDERED.**

DATED:  December 29, 2015

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**