IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS A. MONTANEZ,<br>No. B46636,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOHN TRUST, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 15-cv-01397-MJR<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

The Court takes up this matter to address Plaintiff Carlos A. Montanez's second motion for a temporary restraining order or preliminary injunction (Doc. 7).

Montanez, an inmate in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center, initiated this action by only filing a motion for preliminary injunction and temporary restraining order pursuant to Federal Rule of Civil Procedure 65 (Doc. 1). He also requested counsel (Doc. 3). The Court denied both motions in a detailed order dated December 29, 2015 (Doc. 4). Plaintiff was given until February 5 to file a complaint properly securing this Court's jurisdiction (Doc. 4).

Plaintiff timely filed a complaint (Doc. 5), a virtually identical motion for injunctive relief (Doc. 7), and another motion for counsel (Doc. 6). Shortly thereafter, Plaintiff moved to amend his complaint (Doc. 12), and the Court has granted him leave to file an amended complaint on or before March 4, 2016 (Doc. 13)

Plaintiff's renewed motion for a temporary restraining order and preliminary injunction (Doc. 7) will be addressed immediately, as the Court always gives priority to such motions.  Also, the complaint on file provides sufficient information for the Court to perceive a solid basis for jurisdiction.

Reading the complaint and motion together, the Court discerns that Plaintiff primarily seeks medical treatment, including surgery and more effective pain relief, to treat injuries he received on October 7, 2015—a broken skull and related injuries to his vision, breathing and hearing.  Despite ongoing medical treatment, he continues to experience headaches that last for 2-3 days, double vision, trouble breathing due to sinus involvement, loss of hearing, and difficulties with balance, concentration and memory loss.  In addition, Plaintiff seeks copies of his medical records, a transfer to a different prison for safety reasons, and access to the law library.  The motion for injunctive relief is based on a generalized fear that his health will devolve, that he will be attacked again, and that he will not be able to prove his legal case.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days.  FED.R.CIV.P. 65(b)(2).  A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  FED.R.CIV.P. 65(b)(1)(A).  Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm."  *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

According to the documentation submitted by Plaintiff, he has been treated at Barnes-Jewish Hospital, has consulted with an eye specialist, who recommended he consult with an "ENT" specialist to determine if there is an orbital fracture—an appointment that, as of December 2015, was being scheduled. It appears that Plaintiff has received treatment, but that he does not agree with all treatment decisions and medications, and wants surgery to be performed immediately. Plaintiff's injuries are serious, but at this juncture there is nothing that suggests the Court should intervene and dictate that Plaintiff's treatment preferences be met. More to the point, Plaintiff has not shown imminent danger and/or the likelihood of his medical condition worsening under the current treatment plan. For those reasons, a temporary restraining order in not warranted relative to medical care.

Plaintiff also seeks a temporary restraining order related to his safety—he seeks a transfer to a different prison. A review of the documents submitted by Plaintiff reveals that he was told to seek protective custody, but never did so. Plaintiff simply has not made clear that he faces more than a speculative threat of harm, which is insufficient to warrant such a drastic remedy.

Plaintiff's desire for copies of his medical records and access to the law library so he can pursue this legal action does not warrant a temporary restraining order, either. There is no impending harm, particularly since Federal Rule of Civil Procedure 8 only requires notice pleading, and the record amply demonstrates that Plaintiff has been able to file multiple pleadings, all well written, containing citations to law, and supported by documentation.

At this time, with an amended complaint on its way, and the required preliminary review of the (amended) complaint yet to be performed, Plaintiff's request for preliminary injunction will be denied.[1]  The Court cannot even be certain who the defendants are, since Plaintiff has indicated that he wants to amend to claims and defendants.

**IT IS THEREFORE ORDERED** that, for these reasons, Plaintiff's motion for injunctive relief (Doc. 7) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  February 12, 2016

> s/ *Michael J. Reagan*
> **MICHAEL J. REAGAN**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**

---

[1] A preliminary injunction, unlike a TRO under Rule 65(b), is issued only after the adverse party is given notice and an opportunity to oppose the motion.  FED.R.CIV.P. 65(a)(1).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).