## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARLOS MONTANEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15−cv–1397−MJR |
| | ) | |
| JOHN TROST, | ) | |
| GAIL WALLS, | ) | |
| HOLLY HOPKINS, | ) | |
| RON SKIDMORE, | ) | |
| KIMBERLY BUTLER, | ) | |
| TODD BROOKS, | ) | |
| KRISTA ALSUP, | ) | |
| C. MEYER, | ) | |
| WALTERS, and | ) | |
| WEXFORD HEALTH SOURCES, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Carlos Montanez, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests equitable relief and monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff began this case by filing a Motion for a Preliminary Injunction, in lieu of an actual Complaint, on December 22, 2015. (Doc. 1). The Court ordered him to file a proper Complaint no later than February 5, 2016 and denied the preliminary injunction. (Doc. 4). On January 21, 2016, Plaintiff filed the present Complaint. (Doc. 5).

Before the Court could review it, Plaintiff filed a Motion for Leave to File an Amended Complaint on February 4, 2016, one day prior to the Court's original deadline. (Doc. 12). The Court permitted the amendment, but because Plaintiff did not actually submit a proposed amended complaint in accordance with Local Rule 15.1, the Court gave Plaintiff thirty days to submit an amended complaint containing all claims and defendants that Plaintiff wished to pursue. (Doc. 13). On March 3, 2016, Plaintiff filed a Motion to Withdraw his request to file an amended Complaint, which the Court denied as Moot, because Plaintiff had not met the conditions for filing an amended complaint in any event. (Doc. 25). Since that time, Plaintiff has filed numerous "declarations," documents not contemplated by the Federal Rules of Civil Procedure.

On June 27, 2016, Plaintiff filed another motion for leave to file an amended complaint. (Doc. 33). Like his previous motion, this motion also failed to include a proposed amended complaint. However, the substance of the motion indicates that Plaintiff only wishes to change the spelling of Defendant "Trust" to Defendant "Trost." That request is **GRANTED**. (Doc. 33). Despite Plaintiff's multiple "declarations," the Court will abide by its earlier Order and review the Complaint filed on January 21, 2016. The Court does not construe any of the declarations to be a proper amended complaint and does not consider them as part of its threshold review.

Another inmate assaulted Plaintiff on October 7, 2015. (Doc. 5, p. 27). As a result of the assault, Plaintiff suffered head injuries, specifically the bones of his skull around the eyes, forehead, and nose were cracked, and he further suffered from lacerations and

a concussion.  (Doc. 5, p. 27).  A surgeon at Barnes Jewish Hospital told Plaintiff he needed surgery to repair the damage.  (Doc. 5, p. 27).  However, due to the swelling around Plaintiff's face, the surgery could not be performed immediately.  (Doc. 5, p. 27).

Instead of getting the surgery, Plaintiff was transferred back to Menard on October 9, 2015.  (Doc. 5, p. 27).  Plaintiff was told by Harrington, Quadt, and Defendant Skidmore that he needed to sign for protective custody on October 13, 2015 because he was being released from health care.  (Doc. 5, p. 28).  Plaintiff alleges that Dr. Trost never performed an examination or provided him with any pain medication, and deliberately ignored the recommendations of the Barnes Jewish doctors.  (Doc. 5, p. 28). Plaintiff asked Ms. Hill to intervene.  (Doc. 5, p. 28).  She spoke to Skidmore, and reported to Plaintiff that he was not going to get surgery, but would be permitted to stay in the health care unit until his injuries healed.  (Doc. 5, p. 28).  Plaintiff suffered extreme pain from the lack of pain medication.  (Doc. 5, p. 28).  He also suffers from vision problems, breathing problems, severe headaches, hearing problems, and equilibrium problems.  (Doc. 5, p. 28).

Plaintiff alleges that he cannot go to protective custody at Menard because it is dangerous and he would not get any medical treatment there.  (Doc. 5, p. 28).  He believes that he may be a target of the Latin Kings gang.  (Doc. 5, p. 28).  Plaintiff believes that because he is cooperating in the prosecution of his assailant, he should be transferred to Pontiac Correctional Center.  (Doc. 5, p. 28-29).

Plaintiff wrote a grievance on October 23, 2015 to Defendant Butler.  (Doc. 5, p. 29).  He also submitted grievances directly to Brooks, the Warden of Programs because he did not believe his grievances were collected from the box in health care.  (Doc. 5, p. 29).  He also submitted other letters to Walls and Butler.  (Doc. 5).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The following claim survives threshold review.

**Count 1 – Defendants Trost, Walls, Brooks, and Butler were deliberately indifferent to Plaintiff's serious medical need when they refused to approve treatment recommended by an outside physician to treat Plaintiff's skull fractures.**

Additionally, the following claims must be dismissed without prejudice at this time:

**Count 2: Defendants Brooks and Butler were deliberately indifferent to Plaintiff's safety when they refused to transfer him to Pontiac Correctional Center**

**Count 3:  Defendants Walters and Meyer obstructed Plaintiff's access to the courts**

**Count 1** survives threshold review.  In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating

treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here Plaintiff has alleged that he was told by an outside physician that he would need surgery to fully recover from an assault by another inmate. That is sufficient to show that he suffers from a serious medical need. Once he returned to prison, however, he was informed that he was not getting surgery. Plaintiff also alleges that Trost did not even examine Plaintiff or prescribe him pain medication before rejecting a surgical course of treatment. That is sufficient to state a claim for deliberate indifference.

Plaintiff has not alleged that Walls, Brooks or Butler undertook to treat him. But the Seventh Circuit has said that letters or grievances may support a cause of action for deliberate indifference because the correspondence may show that a defendant knew about a serious medical need and refused to intervene. *See Perez v. Fenoglio*, 792 F.3d

768 (7th Cir. 2015).   Therefore, at this stage, the claims against Walls, Brooks, and Butler must be allowed to proceed.

Plaintiff has also attempted to sue Ronald Skidmore, a nurse a Menard Correctional Center due to his involvement in Plaintiff's medical treatment.   However, the only allegation in the Complaint against Skidmore is that Skidmore asked Plaintiff if he wanted to sign into protective custody and Skidmore confirmed that Plaintiff would not be getting surgery to Ms. Hill.   Neither of these allegations is sufficient to state a constitutional violation.     Skidmore cannot be liable to Plaintiff because he communicated about post-health care placement or Plaintiff's current medical status. Plaintiff has not made any allegations that make it plausible that Skidmore knew about Plaintiff's condition and consciously disregarded it.   It is highly unlikely that a nurse in Skidmore's position had the authority to approve surgery unilaterally.   Unless Plaintiff can articulate some aspect of Skidmore's care that is deficient, he will not be permitted to proceed against Skidmore at this time.   Skidmore is **DISMISSED without prejudice**.

Turning now to **Count 2**, Plaintiff has also alleged that Brooks and Butler violated his Eighth Amendment rights when they refused to transfer him to Pontiac Correctional Center.   The Eighth Amendment "deliberate indifference standard" imposes a duty on both Federal and State correctional officers to *protect* inmates from violence at the hands of other inmates. *Santiago v. Lane,* 894 F.2d 218, 221 (7th Cir. 1990). A prison official is liable for failing to protect an inmate from another prisoner only if the official "knows of and disregards an excessive risk to inmate health or safety[.]"

*Farmer*, 511 U.S. at 837.  A claim that a prison official was deliberately indifferent to such a risk has both an objective and a subjective component.  *Id.* at 834.  First, the harm to which the prisoner was exposed must be an objectively serious one.  *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015).  Second, the subjective prong of the deliberate indifference claim requires that the official must have actual, and not merely constructive, knowledge of the risk in order to be held liable; specifically, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.* (citing *Farmer,* 511 U.S. at 837).

Assuming all well-pleaded facts as true, Plaintiff has not alleged sufficient facts to state an Eighth Amendment claim against Brooks and Butler for their failure to transfer him to Pontiac.  Plaintiff has neither alleged that he has been attacked, which he need not do here.  *See Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) (noting that fear of an attack was sufficient to state a claim for failure to protect, but that the lack of injury made only nominal and punitive damages available).  But he has also not articulated a specific threat to his safety that prison officials ignored.  His Complaint states that placement in protective custody "may" be more dangerous and that he "may" be wanted by the Latin Kings.  Taking Plaintiff's allegations as true, all the Court can say is that there might be a threat.  That is not sufficient at the pleading stage. Prison officials must protect prisoners- not transfer them based on speculation and requests.  *Moore v. Peters*, No. 91 C 5883, 1992 WL 186043, at *3–4 (N.D. Ill. July 24, 1992);

*Burr v. Duckworth*, 547 F.Supp 192, 197 (7th Cir. 1982) ("The Court's research has uncovered no case which has held that a prisoner has a constitutionally protected right, interest, or expectation to be transferred from one facility to another within a correctional system merely by requesting one."). Additionally, Plaintiff's allegations do not support an inference that Defendants are deliberately indifferent. On the contrary, Plaintiff reports he was kept safe by being allowed to stay in the health care unit after he was medically released. He also alleges that numerous prison officials have asked him if he wished to sign into protective custody. Plaintiff states that he refused to sign into protective custody because he did not feel safe in protective custody, but without articulating a specific threat that would arise in that setting, Plaintiff has not pleaded sufficient facts which make it plausible that officials were deliberately indifferent. Therefore **Count 2** will be dismissed without prejudice.

**Count 3** must also be dismissed. Plaintiff's allegations against Walters and Meyer are so vague that they barely state any claim. As to both of them he states they are sued for their "role and act in concert [sic] due to some aspects that obstruct Plaintiff's procedures." Plaintiff later states that he has unsuccessfully tried to obtain his medical records. Construing Plaintiff's Complaint very broadly, the Court presumes that Plaintiff is trying to state that his access to courts was blocked because Walters and Meyers did not produce his medical records. But that is not sufficient to state a claim for denial of access to the courts

In order to make an access to court claim, a prisoner must state that he had a non-frivolous legal claim that was frustrated or impeded by defendants' action or lack of action. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Here Plaintiff has not alleged that he had a non-frivolous legal claim that was frustrated. To the extent that Plaintiff is referring to the current case, that cannot be basis for this claim because Plaintiff has successfully filed it. Additionally, the materials he claims the Defendants withheld from him are not legal materials, they are discovery. As the Federal Rules of Civil Procedure give the Court the authority to order the production of any documents relevant to this litigation, including medical records, Plaintiff need not seek them as a precondition to filing suit. Therefore, as Plaintiff has not adequately pleaded a cause of action against Walters and Meyer, they will be **DISMISSED without prejudice**.

Additionally, several other Defendants are entitled to dismissal because Plaintiff has not adequately pleaded claims against them. Plaintiff lists Holly Hopkins, Krista Alsup, and Wexford Health Sources in his case caption and request for relief, but the Complaint itself does not contain a single allegation against them. Although Alsup is identified as a grievance counselor, none of the grievances attached to the Complaint have her signature. The Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these

defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Hopkins, Alsup, or Wexford Health Sources elsewhere in his Complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants Hopkins, Alsup, and Wexford will be dismissed from this action without prejudice.

## **Pending Motions**

To the extent that Plaintiff's request to file an amended complaint is a request to change the name of Defendant Trust to Trost, it is **GRANTED**. The Motion is otherwise **DENIED** for failure to submit a proper amended complaint. (Doc. 33). Plaintiff's motion for service at government expense is **DENIED as MOOT**, as Plaintiff has

already been granted leave to proceed IFP and the Court will order service in that situation.   (Doc. 31).   All other motions shall be referred to the Magistrate Judge assigned to this case.

## Disposition

**IT IS ORDERED** that Count 1 against Trost, Walls, Brooks, and Butler survives threshold review.  Defendant Skidmore is **DISMISSED without prejudice**.   The Clerk of Court is **DIRECTED** to change "John Trust" on the docket to "John Trost."

**IT IS FURTHER ORDERED** that Counts 2 and 3 will be **DISMISSED without prejudice**.  Defendants Walters, Meyer, Hopkins, Alsup, and Wexford Health Sources will be **DISMISSED without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Trost, Walls, Brooks, and Butler:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 22, 2016**

**s/ MICHAEL J. REAGAN**
**U.S. Chief District Judge**
