IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS A. MONTANEZ,<br><br>      Plaintiff,<br><br>v.<br><br>DR. JOHN TROST,<br>WEXFORD HEALTH SOURCES, INC.,<br>and DR. STEPHEN RITZ,<br><br>      Defendants. | Case No. 15-cv-1397-NJR-MAB |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Exclude the Testimony of Plaintiff's Expert Witness filed by Defendants Wexford Health Sources, Inc., Dr. Stephen Ritz, and Dr. John Trost. Defendants move to exclude the expert opinion of David Yoo, M.D., an ophthalmic surgeon hired by Montanez's appointed counsel to provide opinions regarding Montanez's medical injuries. After a thorough review of the parties' briefs and the record in this case, the Court grants in part and denies in part the motion.

LEGAL STANDARD

"A district court's decision to exclude expert testimony is governed by Federal Rules of Evidence 702 and 703, as construed by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)." *Brown v. Burlington Northern Santa Fe Ry. Co.*, 765 F.3d 765, 771 (7th Cir. 2014); *see also Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). The *Daubert* standard applies to all expert testimony, whether based on scientific competence or other specialized or technical

expertise. *Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir. 2000) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S.137, 141 (1999)).

Federal Rule of Evidence 702 provides:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, or training or education may testify thereto in the form of an opinion or otherwise.

"In short, the rule requires that the trial judge ensure that any and all expert testimony or evidence admitted 'is not only relevant, but reliable.'" *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013) (quoting *Daubert*, 509 U.S. at 589). In determining whether expert testimony is both relevant and reliable, courts in the Seventh Circuit perform a three-step analysis: "the witness must be qualified 'as an expert by knowledge, skill, experience, training, or education,' FED. R. EVID. 702; the expert's reasoning or methodology underlying the testimony must be scientifically reliable, *Daubert*, 509 U.S. at 592–93, 113 S.Ct. 2786; and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (citing FED. R. EVID. 702).

"[W]here such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592). "A *Daubert* inquiry is not designed to have the district judge take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012). "If the proposed expert testimony meets the *Daubert* threshold of relevance and

reliability, the accuracy of the actual evidence is to be tested before the jury with the familiar tools of 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Id.* (quoting *Daubert*, 509 U.S. at 596). The district court possesses "great latitude in determining not only *how* to measure the reliability of the proposed expert testimony but also whether the testimony is, in fact, reliable." *United States v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009) (citing *Jenkins v. Bartlett*, 487 F.3d 482, 489 (7th Cir. 2007)). Lastly, the "proponent of the expert bears the burden of demonstrating that the expert's testimony would satisfy the Daubert standard" by a preponderance of the evidence." *Lewis v. Citgo Petroleum Corp.*, 561 F.3d. 698, 705 (7th Cir. 2009).

## DISCUSSION

Defendants argue that Dr. Yoo is unqualified to testify as to the standard of care for a primary care physician, his opinions are unsupported by the record, and he has made improper legal conclusions suggesting that Wexford created or conduced a policy or practice that resulted in insufficient or inadequate healthcare.

Dr. Yoo is an ophthalmic surgeon and his practice primarily involves seeing patients with various conditions including trauma and cancers around the eyes, as well as seeing patients with any of a number of ophthalmic conditions including glaucoma (Doc. 175-16, p. 6). He is board certified in the field of ophthalmology (*Id.*). Dr. Yoo is also employed as an Associate Professor of Ophthalmology at Loyola University Medical Center (*Id.*). In this role, he teaches classes relating to plastic and reconstructive surgery around the eyes, including the associated diseases related to these procedures (*Id.*). He is qualified as an expert in ophthalmology.

At his deposition on February 27, 2019, Dr. Yoo admitted that he is not a primary care physician or utilization management physician and considers neither area as part of his expertise (Doc. 175-31-32). While Dr. Yoo certainly has expertise in ophthalmology, he is not a primary care physician or utilization management physician and therefore is not qualified to render an opinion on the standard of care for those physicians. Dr. Yoo is certainly qualified, however, to testify regarding whether Defendants' treatment of Montanez—or lack thereof—adversely impacted Montanez's ophthalmic issues and contributed to his ongoing pain.

Defendants argue that Dr. Yoo's opinions are based on grievance records, but they do not point to where this is so. A review of Dr. Yoo's expert report reveals that he did not cite to any grievances to support his opinions regarding the Wexford Defendants.

Defendants further argue that Dr. Yoo's opinions are improper legal conclusions. "[E]xpert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Thus, Dr. Yoo will not be permitted to testify that Montanez's conditions constituted a "serious medical need" as that term is defined for deliberate indifference purposes or that Dr. Ritz ,and that Dr. Trost "consciously disregarded" that risk. *Estate of Gee v. Bloomington Hosp.*, Case No. 1:06-cv-00094-TWP-TAB, 2012 WL 591459, at *2 (S.D. Ind. Feb. 20, 2012) ("Plaintiff's experts 'must stop short of embracing the 'legal terminology' which frames the ultimate legal conclusion which the jury must reach in the case.") (citing *Alvarado v. Oakland Cnty.*, No. 2:09-cv-14312, 2011 WL 3566693, at *7 (E.D. Mich. Aug. 15, 2011). Similarly, Dr. Yoo may not testify that Dr. Ritz and Dr. Trost acted with deliberate indifference. *See, e.g. Sommerfield v. City of Chi.*, 254 F.R.D. 317, 334

(N.D. Ill. 2008) (an expert witness may not testify that defendant was deliberately indifferent).

As to Defendants' argument that Dr. Yoo is not qualified to testify as to legal conclusions that Wexford created or condoned any policy, practice or custom, which resulted in insufficient or inadequate healthcare, this argument is now moot in light of the fact that summary judgment has been granted as to the policy and practice claims.

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** the Motion to Exclude Testimony (Doc. 177). Dr. Yoo is not excluded as an expert, but his testimony will be limited as set forth above.

The Court notes that Dr. Yoo was hired by Montanez's appointed attorneys, who were recently allowed to withdraw. Now that Montanez proceeds *pro se*, the Court will contact Dr. Yoo to make arrangements to appear by video for the trial or provide details for getting to the courthouse on July 16, 2019. Dr. Yoo shall bill the Court directly for his services. The Court will reimburse expert expenses of up to $2,000. The Clerk's Office is **DIRECTED** to send a copy of this Order to Dr. David Yoo, Loyola University Medicine, 6800 N. Frontage Road, Burr Ridge, IL 60527.

**IT IS SO ORDERED.**

**DATED:   June 20, 2019**

s/ Nancy J. Rosenstengel_____
NANCY J. ROSENSTENGEL
**Chief U.S. District Judge**